# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **3-CR-16-156** |
| **SEAN E. JELEN,** | : | **(JUDGE MANNION)** |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court are the objections to the Preliminary Order of Forfeiture entered by the court on February 1, 2018, (Doc. 93), regarding 37 Jamaica Walk, Breezy Point, New York, (Doc. 109), filed, pro se, by defendant Sean E. Jelen on February 16, 2018. On February 26, 2018, the defendant filed an amendment to his objections and a request for an emergency stay. The defendant contends that neither his plea agreement nor his sentence requires him to forfeit any shares he owned, leased or acquired regarding the subject property. Rather, he claims that he was only obliged to forfeit real estate and that his interest, and the interest of his estranged wife, Susan L. Forrett-Jelen, did not consist of such an interest with respect to the subject property. He states that his actual ownership interest in the subject property is 180 shares of the Breezy Point Cooperative, Inc. The defendant requests the court to withdraw the preliminary order of forfeiture and amend it to reflect that it only pertains to the forfeiture of real estate. He also requests the court to stay any forfeiture actions in this case. The government responded to the defendant's objections. (Doc. 114). Based on the following, the court will **DENY**

1

defendant's objections for lack of jurisdiction.

**I.     BACKGROUND**

On June 15, 2016, an Information was filed charging the defendant with bank fraud, in violation of 18 U.S.C. §1344, and attempted bank fraud, in violation of 18 U.S.C. §1349. The Information also contained a notice of forfeiture under 18 U.S.C. §§982(a)(2) and 981(a)(1)(c) and 28 U.S.C. § 2461. (Doc 1). On the same day, the parties filed a plea agreement, (Doc. 3), which provided, in relevant part:

> a. that the defendant agreed to plead guilty to both charges in the Information;
> b. that the following property is subject to forfeiture, and that this list may be supplemented pending additional disclosure of defendant's assets and proceeds of his criminal activities, the location(s) of any fraudulently obtained funds, and property used to facilitate the instant offense. The defendant agrees to withdraw any administrative claims to the following property, and any identified in a supplemental filing, and agrees to forfeit all rights, title and interest thereto to the United States of America: real property located at 37 Jamaica Walk, Breezy Point, New York 11697;
> c. that no other party, other than his spouse, Susan Forrett-Jelen, has an equitable or legal interest in the assets agreed to and consented to be forfeited;
> d. that the Plea Agreement is conditioned on Susan Forrett-Jelen executing a Stipulation of Consent to Forfeiture for the real property listed above;
> e. to concur in any motion necessary to be filed and to sign any and all documents necessary to effectuate the forfeiture of the aforementioned property;
> f. to immediate entry of the preliminary order of forfeiture or the filing of a civil complaint by the United States pursuant to Title18, United States Code, Section 981;
> g. to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets

to the United States. These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers;

h. to disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

i. that he is aware that the intentional dissipation of assets will be viewed as criminal conduct that may lead to obstruction of justice charges and that the government would be entitled to substitute assets pursuant to 21 U.S.C. §853(p) and 28 U.S.C. § 2461(c); and

j. that this Agreement is being entered into by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control. [ ].

On July 14, 2016, the defendant pleaded guilty to the Information and he acknowledged his agreement to forfeiture. (Doc. 114-1).

On July 28, 2016, a Stipulation of Consent to Forfeiture was filed, (Doc. 21), in which Susan L. Forrett-Jelen agreed to the following:

a. to forfeiture of the real property located at 37 Jamaica Walk, Breezy Point, New York 11697;
b. to concur in any motion necessary to effectuate such forfeiture;
c. to waive any claim or defense as to the property; and
d. to not contest or assist anyone else in contesting the forfeiture on any other ground.

On January 31, 2018, the court entered a Judgment of Conviction imposing a 70-month term of incarceration on the defendant. The court also ordered that the defendant "shall forfeit [his] interest in the following property to the United States: The property listed in the Preliminary Order of Forfeiture signed today." (Doc. 95).

3

On February 1, 2018, the Preliminary Order of Forfeiture was entered by the court, (Doc. 93), and the property which was forfeited from the defendant was specifically described as "Breezy Point cooperative premises 37 Jamaica Walk, Breezy Point, New York 11697 including the residential structures and lease and stock in 37 Jamaica Walk, Breezy Point, New York 11697-1705." The Preliminary Order of Forfeiture also provided, in part, that "the United States shall have clear title to the subject property following the court's disposition of all third-party interests, including titled owners, spouses, and any other interested parties", and that "upon adjudication of all third-party interests, the court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n), in which all interests will be addressed."

On February 12, 2018, the defendant filed a Notice of Appeal regarding his Judgment of Conviction and the forfeiture order entered with respect to the 37 Jamaica Walk, Breezy Point property. (Doc. 101).

On February 16, 2018, the defendant filed his objections to the Preliminary Order of Forfeiture. (Doc. 109).

On February 26, 2018, the defendant filed an amendment to his objections and request for a stay. (Doc. 111).

On February 28, 2018, the government filed its response to defendant's objections. (Doc. 114).

On March 19, 2018, the defendant filed a supplement to his objections as well as a request for a stay of forfeiture. (Doc. 123).

On March 27, 2018, the government filed a response to the defendant's

4

amendment and supplement to his objections stating that this court no longer has jurisdiction over the defendant's objections in light of his sentencing and notice of appeal. (Doc. 126). As such, the government requests the court to deny the defendant's objections to forfeiture based on lack of jurisdiction.

## II. DISCUSSION

Initially, the court must address whether it has jurisdiction to decide the defendant's objections to the Preliminary Order of Forfeiture. To date, no Final Order of Forfeiture has been entered by the court regarding the 37 Jamaica Walk, Breezy Point property. Nonetheless, the government contends that forfeiture became final as to defendant Jelen at his sentencing pursuant to Fed.R.Crim.P. 32.2(b)(4)(A) & (C), and that the forfeiture as to the defendant became appealable when the Judgment of Conviction was entered. In fact, the government points out that the defendant's notice of appeal included the forfeiture of the subject property and, it contends that jurisdiction with respect to the forfeiture issue is now with the Third Circuit and not this court.

Fed.R.Crim.P. 32.2(b)(4)(A) provides:

> (4) Sentence and Judgment.
>
> (A) When Final. At sentencing--or at any time before sentencing if the defendant consents--the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

Rule 32.2(b)(4)(c) governs the time to appeal a forfeiture order and

provides that "[t]he time for the defendant or the government to file an appeal from the forfeiture order, or from the court's failure to enter an order, begins to run when judgment is entered."

Defendant Jelen's Judgment of Conviction was entered on January 31, 2018. In the Judgment of Conviction, the court ordered that defendant "shall forfeit [his] interest in the [37 Jamaica Walk, Breezy Point property] to the United States." Defendant Jelen then timely filed a notice of appeal which included the court's forfeiture order. Thus, the order of forfeiture as to defendant Jelen was imposed on January 31, 2018, as part of his Judgment of Conviction, and "at that juncture, the forfeiture order was 'final' as to [defendant Jelen]." U.S. v. Davies, 601 Fed.Appx. 97, 99 (3d Cir. 2015) (citing Fed.R.Crim.P. 32.2(b)(4)(A); United States v. Pelullo, 178 F.3d 196, 202 (3d Cir. 1999) ("the order of forfeiture entered at sentencing is a final order with respect to the defendant from which he can appeal," as it "conclusively determines all of the defendant's interest in the forfeited property."); *see also* Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007) ("[A] criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all."); U.S. v. Prat, 584 Fed.Appx. 921, 924 (11th Cir. 2014) ("[C]riminal forfeiture is part of a defendant's sentence", and "[w]ith respect to the defendant (as opposed to third-party claimants), the district court's preliminary forfeiture orders become final at his sentencing.") (citations omitted).

Even though the court has not yet entered a Final Order of Forfeiture

regarding the 37 Jamaica Walk, Breezy Point property, such an order would relate to and be subject to third parties only and not to defendant Jelen. *See* Pelullo, 178 F.3d at 202 ("[T]he defendant generally has no standing to participate in the ancillary proceeding that takes place after the forfeiture order is entered at sentencing.") (citing United States v. Bennett, 147 F.3d 912, 914 (9th Cir.1998); Christunas, 126 F.3d at 769; Libretti, 38 F.3d at 527 (district court has no jurisdiction to consider defendant's claims to property once defendant has filed notice of appeal from order of forfeiture entered at sentencing)).[1] Rather, as stated, Jelen's final order of forfeiture was entered at his sentencing. *Id*. As such, the Preliminary Order of Forfeiture is now a final order of forfeiture as to Jelen.

In short, the defendant filed a timely notice of appeal on February 12, 2018 challenging his sentence as well as the forfeiture of the 37 Jamaica Walk, Breezy Point property.[2] Thus, insofar as defendant Jelen is seeking to challenge the final order of forfeiture entered at his sentencing, this court no

---

[1]The court notes that Breezy Point Cooperative, Inc. has filed a petition on March 29, 2018 requesting a hearing to adjudicate the validity of its interest in the 37 Jamaica Walk, Breezy Point property pursuant to 21 U.S.C. §853(n) (provides for third-party petitions for a hearing in order to adjudicate the validity of third-party interests in forfeited property). (Doc. 128). As indicated above, no Final Order of Forfeiture regarding the property has been entered as to any third parties who may have an interest in it and, to date, the ancillary proceeding to adjudicate third-party claims has not been held.

[2]The court notes that defendant Jelen specifically waived his right to direct appeal as part of his plea agreement. (Doc. 3).

7

longer has jurisdiction over such a challenge.[3]

### III. CONCLUSION

Based on the foregoing, the court will **DENY** defendant Jelen's objections to the Preliminary Order of Forfeiture, as well as his amendment and supplement, for lack of jurisdiction. An appropriate order will issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 20, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2016 CRIMINAL MEMORANDA\16-156-01.wpd

---

[3]Since defendant Jelen's appeal is still pending and this court lacks jurisdiction over the issues raised in his appeal, including the forfeiture issue, Jelen should refrain from filing documents in this court until his appeal is decided. Additionally, since this court lacks jurisdiction, it cannot decide defendant Jelen's other pending motions regarding the forfeiture.