# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

SEAN E. JELEN,                    :

    Petitioner          :            3-CR-16-156

  v.

                        :            (JUDGE MANNION)

UNITED STATES OF AMERICA,

                        :

    Respondent

## MEMORANDUM

Presently before the court is the *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 filed by petitioner Sean E. Jelen, (Doc. 165), on June 5, 2018. For the reasons that follow, petitioner Jelen's §2255 motion will be dismissed without prejudice to the timely filing of a §2255 motion after his pending direct appeal to the United states Court of Appeals for the Third Circuit, and after any subsequent appeal to the U.S. Supreme Court, have been decided.

## I. BACKGROUND[1]

On June 15, 2016, an Information was filed charging Jelen with bank fraud, in violation of 18 U.S.C. §1344, and attempted bank fraud, in violation of 18 U.S.C. §1349. The Information also contained a notice of forfeiture under 18 U.S.C. §§982(a)(2) and 981(a)(1)(c) and 28 U.S.C. §2461. (Doc 1).

---

[1]The court only states that background relevant to the instant §2255 motion filed by Jelen.

1

On the same day, the parties filed a plea agreement, (Doc. 3), which provided, in relevant part, "that the defendant agreed to plead guilty to both charges in the Information."

On July 14, 2016, Jelen pleaded guilty to the Information. On January 31, 2018, the court entered a Judgment of Conviction imposing a 70-month term of incarceration on Jelen. (Doc. 95).

On February 12, 2018, Jelen filed a timely Notice of Appeal regarding his Judgment of Conviction and the forfeiture order entered with respect to the 37 Jamaica Walk, Breezy Point property.[2] (Doc. 101).

On June 5, 2018, petitioner Jelen filed his motion pursuant to §2255 claiming that his trial counsel, Michael T. Van Der Veen, Esq., was ineffective. (Doc. 165). The petitioner also filed a motion to stay "any and all collateral actions arising from [his criminal case]" and specifically regarding any forfeiture action with respect to the 37 Jamaica Walk, Breezy Point, New York property, (Doc. 166), and a motion to proceed *in forma pauperis* with respect to his §2255 motion. (Doc. 167).

## II. DISCUSSION

In Kline v. U.S., 2006 WL 680842 (M.D.Pa. March 14, 2006), a case similar to the instant case in which the convicted defendant filed a §2255 motion claiming that his counsel was ineffective, while the appeal of his

---

[2]The court notes that defendant Jelen specifically waived his right to direct appeal as part of his plea agreement. (Doc. 3).

judgment of conviction was still pending with the Third Circuit Court of Appeals, the district court dismissed the motion without prejudice to the timely filing of a §2255 motion after defendant's direct appeals had concluded. The court in *Kline, id.* at *1, stated that "we find that the present case, in which a direct appeal is pending, does not present circumstances that fall into the narrow exception to the rule of exclusiveness of §2255." (citing Outterbridge v. Motley, 2005 WL 1541057 (D.N.J. June 30, 2005)). The court in *Kline, id.*, then explained:

> As the United States District Court of New Jersey explained in *Outterbridge*, it is clear that a §2255 motion should not be heard while a direct appeal is pending regarding the same conviction. Outterbridge, 2005 WL 1541057 at *2. Moreover, the Advisory Committee Note, to Rule 5 of the Rules Governing §2255 Proceedings, indicates that such a §2255 motion "is inappropriate if the movant is simultaneously appealing the decision." Id. In addition, as stated by the District Court in *Outterbridge*, while there is no jurisdictional bar to the District Court's entertaining a §2255 motion during pendency of a direct appeal, the orderly administration of criminal law precludes considering of such a motion absent extraordinary circumstances. "Other courts have likewise indicated their preference that a §2255 motion should not be considered while an appeal is pending." *Id.*; Capaldi v. Pontesso, 135 F.3d 1122 (6th Cir. 1998); United States v. Tindle, 522 F.2d 689 (D.C.Cir. 1975). Such a motion under §2255, if filed during pendency of a direct appeal, is ordinarily dismissed without prejudice. United States v. Deeb, 944 F.2d 545 (9th Cir. 1991), *cert. denied*, 503 U.S. 975, 112 S.Ct. 1597, 118 L.Ed.2d 312 (1992). Accordingly, we hold that Petitioner's §2255 Motion attacking his effectiveness of counsel, judgment of conviction, and sentence is premature as his direct appeal is pending before the Third Circuit Court of Appeals. (Rec.Doc. 38). Petitioner's §2255 Motion will be dismissed without prejudice to the timely filing of a §2255 Motion after his conviction has become final following appeal.

3

This court agrees with the rational stated by the court in *Kline* and concurs with its conclusion since the court finds no "extraordinary circumstances" warrant consideration of the present §2255 motion while the petitioner's direct appeal to the Third Circuit is pending. *See also* U.S. v. Howard, 2008 WL 162148 (M.D.Pa. Jan. 15, 2008) (The district court dismissed §2255 motion to vacate as "premature without prejudice to defendant's right to file a timely §2255 motion after his conviction has become final following appeal.") (citing Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) ("[A] collateral attack [under §2255] is generally inappropriate if the possibility of further direct review remains open: A district court should not entertain a habeas corpus petition while there is an appeal pending in [the court of appeals] or in the Supreme Court."); *see also* United States v. Ford, 215 F.App'x 167, 168 (3d Cir. 2007) (affirming the district court's dismissal of a §2255 motion as premature while the defendant's direct appeal was pending); *Kline, supra*.).

### III. CONCLUSION

Based on the foregoing, the court will **DISMISS**, as premature, petitioner Jelen's §2255 motion, (Doc. 165), **WITHOUT PREJUDICE** to his right to timely file a §2255 motion after his conviction becomes final when his appeal to the Third Circuit, and any subsequent direct appeals, are decided. Petitioner Jelen's motion to stay, (Doc. 166), and his motion to proceed *in forma pauperis*, (Doc.167), will be **DENIED AS MOOT**.

An appropriate order will issue.

S/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 29, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2016 CRIMINAL MEMORANDA\16-156-03.wpd