# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | **3-CR-16-156** |
| **v.** | : | |
| | | **(JUDGE MANNION)** |
| **SEAN E. JELEN,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court is the *pro se* motion to withdraw guilty plea and request for a hearing filed by defendant Sean E. Jelen, (Doc. 120), on March 8, 2018. For the reasons that follow, defendant Jelen's motion will be dismissed without prejudice to the timely filing of a §2255 motion after his pending direct appeal to the Third Circuit has been decided.

## I. BACKGROUND[1]

On June 15, 2016, an Information was filed charging Jelen with bank fraud, in violation of 18 U.S.C. §1344, and attempted bank fraud, in violation of 18 U.S.C. §1349. The Information also contained a notice of forfeiture under 18 U.S.C. §§982(a)(2) and 981(a)(1)(c) and 28 U.S.C. §2461. (Doc 1). On the same day, the parties filed a plea agreement, (Doc. 3), which provided, in relevant part, "that the defendant agreed to plead guilty to both charges in the Information."

---

[1]The court only states that background relevant to the instant motion filed by Jelen.

1

On July 14, 2016, Jelen pleaded guilty to the Information. On January 31, 2018, the court entered a Judgment of Conviction imposing a 70-month term of incarceration on Jelen. (Doc. 95).

On February 12, 2018, Jelen filed a timely Notice of Appeal regarding his Judgment of Conviction and the forfeiture order entered with respect to the 37 Jamaica Walk, Breezy Point property. (Doc. 101).

On March 8, 2018, defendant Jelen filed a motion to withdraw his guilty plea and a request for a hearing. (Doc. 120).

On June 5, 2018, Jelen filed a motion pursuant to §2255 claiming that his trial counsel was ineffective. (Doc. 165). On June 29, 2018, the court issued a Memorandum and Order dismissing as premature Jelen's §2255 motion without prejudice to his right to timely file a §2255 motion after his conviction becomes final when his appeal to the Third Circuit, and any subsequent direct appeals, are decided.

## II. DISCUSSION

The court will treat Jelen's motion to withdraw his guilty plea, which was filed after he was sentenced, as one under Rule 11 of the Federal Rules of Criminal Procedure. *See* U.S. v. D'Alfonso, 397 Fed.Appx. 754 (3d Cir. 2010). Rule 11 provides that, "after the court imposes sentence, the defendant may not withdraw a plea of guilt or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed.R.Crim.P. 11(e). Jelen has filed both a direct appeal and a collateral attack pursuant to 28 U.S.C. §2255 regarding his conviction and sentence. Jelen's direct appeal to the Third

2

Circuit is still pending and he can attempt to set aside his guilty plea in his appeal. This court dismissed Jelen's §2255 motion without prejudice since it was premature, and he will be able to try and set aside his guilty plea in a later timely §2255 motion. As such, "[this court] may not set aside Defendant's guilty plea based on the instant motion." Id. at 756 (citing United States v. Garduño, 506 F.3d 1287, 1289-90 (10th Cir. 2007) (deeming motion to withdraw plea after sentence untimely under Rule 11)); *see also* U.S. v. Cidone, 2014 WL 1809640 (M.D.Pa. May 7, 2014); U.S. v. Ward, 760 F.Supp.2d 480, 483 (D.N.J. 2011) (court held that "[b]ecause [defendant] has already filed an appeal and a collateral attack to no avail, the Court may not set aside the defendant's guilty plea based on [Fed.R.Crim.P. 11(e)].").

Moreover, even if the court construed Jelen's present motion as another motion under §2255, it would again be subject to dismissal without prejudice as premature, just as his Doc. 165 motion under §2255 was dismissed. *See* Kline v. U.S., 2006 WL 680842 (M.D.Pa. March 14, 2006); U.S. v. Howard, 2008 WL 162148 (M.D.Pa. Jan. 15, 2008).

## III. CONCLUSION

Based on the foregoing, the court will **DISMISS WITHOUT PREJUDICE** defendant Jelen's motion to withdraw his guilty plea, (Doc. 120). Defendant Jelen's request for a hearing regarding his motion will be **DENIED AS MOOT**. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**Date: June 29, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2016 CRIMINAL MEMORANDA\16-156-04.wpd