# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **3-CR-16-156** |
| **SEAN E. JELEN,** | : | **(JUDGE MANNION)** |
| Defendant | : | |

## MEMORANDUM

Before the court is the *pro se* motion for the undersigned Judge to recuse himself "from the matters regarding the forfeiture concerns" related to 37 Jamaica Walk, Breezy Point, New York filed by defendant Sean E. Jelen, (Doc. 140), on April 30, 2018. Also before the court is, Jelen's June 21, 2018 motion regarding his objections to the forfeiture and his claim that the forfeiture amounted to an unlawful seizure of property without due process. (Doc. 180). For the reasons that follow, both of defendant Jelen's motions will be **DENIED**.

## I.  BACKGROUND[1]

On June 15, 2016, an Information was filed charging Jelen with bank fraud, in violation of 18 U.S.C. §1344, and attempted bank fraud, in violation of 18 U.S.C. §1349. The Information also contained a notice of forfeiture under 18 U.S.C. §§982(a)(2) and 981(a)(1)(c) and 28 U.S.C. §2461. (Doc 1).

---

[1]The court only states that background relevant to the instant motions filed by Jelen.

1

On the same day that the Information was filed, the parties filed a plea agreement, (Doc. 3), which provided, in relevant part, "that the defendant agreed to plead guilty to both charges in the Information." The plea agreement also provided that the real property located at 37 Jamaica Walk, Breezy Point, New York was subject to forfeiture by the defendant.

On July 14, 2016, Jelen pleaded guilty to the Information and he acknowledged his agreement to forfeiture.

On July 28, 2016, a Stipulation of Consent to Forfeiture was filed, (Doc. 21), in which Susan L. Forrett-Jelen agreed to the following:

> a. to forfeiture of the real property located at 37 Jamaica Walk, Breezy Point, New York 11697;
> b. to concur in any motion necessary to effectuate such forfeiture;
> c. to waive any claim or defense as to the property; and
> d. to not contest or assist anyone else in contesting the forfeiture on any other ground.

On January 31, 2018, the court entered a Judgment of Conviction imposing a 70-month term of incarceration on Jelen. (Doc. 95). The court also ordered that the defendant "shall forfeit [his] interest in the following property to the United States: The property listed in the Preliminary Order of Forfeiture signed today." (Doc. 95).

On February 1, 2018, the Preliminary Order of Forfeiture was entered by the court, (Doc. 93), and the property which was forfeited from the defendant was specifically described as "Breezy Point cooperative premises 37 Jamaica Walk, Breezy Point, New York 11697 including the residential structures and lease and stock in 37 Jamaica Walk, Breezy Point, New York

11697-1705."

On February 12, 2018, Jelen filed a timely Notice of Appeal regarding his Judgment of Conviction and the forfeiture order entered with respect to the 37 Jamaica Walk, Breezy Point property. (Doc. 101).

Subsequently, the defendant filed objections to the Preliminary Order of Forfeiture, (Doc. 109), as well as an amendment and a supplement.

On April 30, 2018, defendant Jelen filed his motion to recuse the undersigned Judge, (Doc. 140), and on June 21, 2018, he filed his motion regarding his objections to the forfeiture, (Doc. 180).

On June 20, 2018, the court issued a Memorandum and Order, (Docs. 178 & 179), denying defendant Jelen's objections to the Preliminary Order of Forfeiture, as well as his amendment and supplement, for lack of jurisdiction.

## II. DISCUSSION

Since the court has now determined that it lacks jurisdiction with respect to defendant Jelen's challenge to the final order of forfeiture entered at his sentencing and his claim that this court's judgment of sentence "is materially flawed", Jelen's motion to recuse the undersigned Judge concerning forfeiture matters will be denied as moot. Further, Jelen's motion regarding his objections to the forfeiture, (Doc. 180), will also be denied as moot for the same reason.[2]

---

[2]As the court noted in its June 20, 2018 Memorandum, since defendant Jelen's appeal is still pending and this court lacks jurisdiction over the issues

Moreover, the court finds no merit to defendant Jelen's motion for recusal and the motion will also be denied on this basis. "Under 28 U.S.C. §455(a), a judge must recuse himself 'in any proceeding in which his impartiality might reasonably be questioned.'" U.S. v. Ciavarella, 716 F.3d 705, 718 (3d Cir. 2013). "The judge does not have to be subjectively biased or prejudiced, so long as he appears to be so." Id. (quoting Liteky v. United States, 510 U.S. 540, 553 n. 2, 114 S.Ct. 1147 (1994)). Thus, "'[a] party seeking recusal need not show actual bias on the part of the court, only the possibility of bias . . . Under §455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse.'" Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (quoting Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 343 (3d Cir. 1998)). "Beliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom, a duty to recuse might ensue.'" United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006) (quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995)).³

---

raised in his appeal, including the forfeiture issue, it could not decide defendant Jelen's other pending motions regarding the forfeiture.

³The court notes that "under §455(a), '[d]iscretion is confided in the district judge in the first instance to determine whether to disqualify himself because the judge presiding over a case is in the best position to appreciate

In considering defendant Jelen's arguments for recusal, the record reflects that the undersigned Judge was impartial with respect to the sentence imposed on Jelen and with respect to all of the court's other rulings in this case, including the issues regarding forfeiture. No reasonable observer who was informed of all the surrounding facts and circumstances of defendant Jelen's case would believe that the undersigned Judge was not impartial or was biased against Jelen. Further, simply because defendant Jelen disagrees with this court's sentence and with its decisions, does not demonstrate bias since they do not display a "deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555–56 (1994).

## III. CONCLUSION

Based on the foregoing, the court will **DENY** defendant Jelen's motion to recuse the undersigned Judge. (Doc. 140). Defendant Jelen's motion regarding his objections to the forfeiture, (Doc. 180), will also be **DENIED AS MOOT**. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 29, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2016 CRIMINAL MEMORANDA\16-156-05.wpd

---

the implications of those matters alleged in a recusal motion[.]'" Ciavarella, 716 F.3d at 720.