# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SEAN E. JELEN,<br><br>Defendant. | CIVIL ACTION NO. 3:16-CR-00156<br><br>(MANNION, J.)<br>(MEHALCHICK, M.J.) |

### MEMORANDUM

This case comes before the Court for consideration of Defendant Sean E. Jelen's ("Jelen") objections to a writ of continuing garnishment issued by the United States of American on August 17, 2022, requiring Jelen to satisfy the restitution judgment through the garnishment of an online savings account associated with or held in trust by Jelen. (Doc. 246). Jelen filed an answer on October 5, 2022, and a request for hearing on October 20, 2022. (Doc. 248; Doc. 249). On October 21, 2022, the matter was referred to the undersigned United States Magistrate Judge to conduct a hearing. (Doc. 250). The undersigned held a hearing in this matter on December 6, 2022, at which time Jelen and the United States were provided a full opportunity to address any objections to this writ of continuing garnishment.[1] (Doc. 252). While the Court acknowledges the objections voiced by Jelen, having conducted an individualized assessment of the facts and circumstances presented in this case, for the reasons set forth below, Jelen's objections to this writ of continuing garnishment are **OVERRULED**, and Jelen and the garnishee are **ORDERED** to comply with this writ of continuing garnishment pending further Order of Court.

---

[1] At Jelen's request, and with the Government's concurrence, he was permitted to participate in the hearing via Zoom from his home.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On July 14, 2016, Jelen pleaded guilty, pursuant to a negotiated plea agreement, to one count of bank fraud and one count of attempted bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349. (Doc. 11). On August 15, 2016, the Court accepted that guilty plea. (Doc. 22). On January 31, 2018, the Court sentenced Jelen to seventy (70) months of imprisonment, four (4) years of supervised release, and $694,971.88 in restitution. (Doc. 95). Jelen was taken into Bureau of Prisons ("BOP") custody on the day of his sentencing.

Jelen subsequently filed several notices of appeal, specifically challenging his sentence, judgment, and conviction. (Doc. 101; Doc. 196; Doc. 202). The three appeals were consolidated by the Court of Appeals for the Third Circuit. The United States has moved to enforce the appellate waiver set forth in Jelen's plea agreement and dismiss the appeals. In filings dated June 11, 2020 and docketed on June 16, 2020, Jelen moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), requesting that the Court reduce his sentenced to time served and order his immediate release from BOP custody, in consideration of the COVID-19 pandemic and his personal health issues. (Doc. 206).

On December 15, 2020, Jelen filed a notice of his change of address indicating that his new address is his house in South Abington Township, Pennsylvania. (Doc. 235). Jelen was released from prison by the BOP in December 2020. *See* BOP Inmate locator, available at https://www.bop.gov/inmateloc/ (last visited Dec. 6, 2022). Jelen is currently serving the remainder of his prison sentence on home confinement. (Doc. 236). His projected release date is January 17, 2023. On January 11, 2021, the Court dismissed Jelen's motion for compassionate release as moot as Jelen has now been placed on home confinement for the

2

remainder of his prison sentence. (Doc. 237).

On August 5, 2022, the United States filed an application for writ of continuing garnishment, which was issued by the Court on August 17, 2022. (Doc. 243; Doc. 246). The United States filed a certificate of service as to Jelen on August 24, 2022. (Doc. 247). Jelen filed an answer on October 5, 2022, and a request for a hearing on October 20, 2022. (Doc. 248; Doc. 249). The Court then referred this matter to the undersigned, and a hearing in this matter was scheduled for December 6, 2022. (Doc. 250; Doc. 252).

At the hearing, Jelen presented testimony and argument objecting to the writ of continuing garnishment. Specificlly, Jelen objected on these bases: (1) the Court lacks jurisdiction over this matter; (2) the writ of continuing garnishment is procedurally defaulted for incomplete service; and (3) the funds sought by the Government are exempt from garnishment. The United States opposed each of Jelen's objections and asked the Court to overrule the objections to the garnishment order.

## II.   LEGAL STANDARD

"[U]nder 18 U.S.C. § 3664(m)(1)(A), the Government may enforce a restitution order in the manner provided by subchapter B of Chapter 229, or 18 U.S.C. § 3613." *United States v. Shusterman,* 331 F. App'x 994, 996 (3d Cir.2009). Section 3613 allows enforcement of criminal restitution according to the procedures applicable to enforcement of a civil judgment. § 3613(a), (f). Under those procedures, a court may issue a writ of garnishment against property in which the debtor has a substantial non-exempt interest. 28 U.S.C. § 3205(a). The garnishee then answers the writ of garnishment, after which the judgment debtor has twenty

3

(20) days to object. 28 U.S.C. § 3205(c). "The party objecting shall state the grounds for the objection and bear the burden of proving such grounds." 28 U.S.C. § 3205(c)(5).

**III.   DISCUSSION**

By enacting the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, *et seq.*, Congress evinced the clear intention that the United States should strive to make the greatest financial restitution recovery possible for victims of crime. Thus, the MVRA directs that the entry of orders directing full restitution to crime victims is mandatory, stating that: "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664 (f)(1)(A). The MVRA also confers sweeping powers upon the United States to enforce restitution orders and secure financial recoveries for victims of crime. 18 U.S.C. § 3664(m). These enforcement powers include a panoply of civil remedies as set forth in 18 U.S.C. § 3613, permitting levies, seizures, and garnishment of a criminal defendant/debtor's assets. These broad civil judgment enforcement tools, in turn, are only tempered by a series of carefully crafted statutory exemptions for certain assets belonging to defendant/debtors.

The government may enforce a judgment imposing any order of restitution under 18 U.S.C. § 3613, which provides that an order of restitution under certain federal statutes creates a "lien in favor of the United States on all property . . . of the person fined," just as if the government held a tax lien on the person's property. 18 U.S.C. § 3613(c). "The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)." 18 U.S.C. § 3613(c). Section 3613(a)(1) provides

that the government may enforce a judgment imposing a fine or restitution order "against all property or rights to property of the person fined," except for specific exemptions delineated in 26 U.S.C. § 6334, such as items of clothing, certain annuity and pension payments, and a set amount of personal effects.

A. OBJECTION ON THE BASIS OF JURISDICTION

Initially, Jelen submits that this Court does not have jurisdiction to overrule his objections to the writ of continuing garnishment because of his pending appeals before the Third Circuit. Jelen contends those appeals, one of which address the forfeiture judgment against him, also encompass the issues of restitution and garnishment. The United States avers that under 18 U.S.C. § 3664(o), an appeal does not preclude the United States from collecting restitution if judgment is final.

"[U]nder 18 U.S.C. § 3664(m)(1)(A), the Government may enforce a restitution order in the manner provided by subchapter B of Chapter 229, or 18 U.S.C. § 3613." *Shusterman, 331 F. App'x at 996*. Sections 3613(a) and (f) provide that the United States may enforce a restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." A district court retains jurisdiction to adjust the method and manner of payment of a restitution order. 18 U.S.C. § 3664(k), (o). When a court receives notification of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution . . . , the court may, on its own motion, or the motion of any party . . . adjust the payment schedule, or require payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). 18 U.S.C. § 3664 provides in pertinent part:

5

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that–
>
> (1) such a sentence can subsequently be—
>
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
> (B) appealed and modified under section 3742;
>
> (C) amended under subsection (d)(5); or
>
> (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3566 or 3614.

18 U.S.C. § 3664(o).

The *restitution* order issued by the Court on January 31, 2018, has not been corrected, modified, or adjusted. (Doc. 95). The Court's acceptance of Jelen's guilty plea is still an enforceable final judgment over garnishment proceedings. *See* 18 U.S.C. § 3664(k), (o). Moreover, the undersigned agrees with the United States that the restitution order and forfeiture order are two completely different matters, and the fact that the *forfeiture* order is before the Third Circuit on appeal does not affect this Court's jurisdiction to review a writ of continuing garnishment.[2] Therefore, the Court finds that Jelen's jurisdictional argument is without merit and that the Court retains jurisdiction to review the writ of continuing garnishment. The United States complied with the federal law procedures for subjecting a

---

[2] At the hearing and oral argument, Jelen made a request for production of emails to support his contention that the parties reached an agreement to direct of his forfeiture payments to go towards the restitution debt. However, as noted by the United States and the Court, the production of such document is not relevant to the instant matter of restitution payments as the Court does not have jurisdiction to discuss the matter of forfeiture. Therefore, the Court will sustain the United States' objection to Jelen's request for production of emails.

defendant to a writ of garnishment set forth in 28 U.S.C. § 3205, which allows the government to "apply for a writ of garnishment, and the court may issue the writ and a disposition order." *Shusterman*, 331 F. App'x at 996. Thus, "the District Court ha[s] jurisdiction to issue the garnishment order." *Shusterman*, 331 F. App'x at 996.

Accordingly, Jelen's objection to the Court's exercise of jurisdiction is overruled.

B.  OBJECTION ON THE BASIS OF SERVICE

Next, Jelen asserts that he was not properly served the writ of garnishment. The United States enforced the writ of continuing garnishment pursuant to the Fair Debt Collection Practices Act ("FDCPA"), which provides that a writ shall be served in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 3004(a); *see also* 18 U.S.C. § 3613(a), (f) (stating that the United States may enforce a restitution order in accordance with the procedures for enforcement of a civil judgment).

According to the certificate of service file by the United States, service was initially made by personal service upon Jelen on August 18, 2022, at Geisinger Wyoming Valley Community Medical Center in accordance with 28 U.S.C. § 3205(c)(3) and 3202(b). (Doc. 247, at 1). Attached to the certificate of service is a copy of the return receipt card evidencing the receipt of service on August 18, 2022. (Doc. 247-1, at 2). On August 17, 2022, the United States served Jelen again by certified mail. (Doc. 247, at 2). Attached to the certificate of service is a copy of the return receipt card evidencing the receipt of service on August 19, 2022. (Doc. 247-2, at 2). On October 12, 2022, the United States served Jelen a third time by certified mail, attaching a copy of the return receipt card evidencing the receipt of service. (Doc. 253-1, at 2-4).

7

On October 14, 2022, Jelen sent a letter to the Court requesting an extension of time and temporary stay of garnishment. (Doc. 253-2). In the email, Jelen explains that he "was recently hospitalized at Geisinger Scranton, Geisinger Wilkes Barre and UPMC without interruption from July 4, 2022 until [his] discharge to home with 24 hour nursing care on October 10, 2022 for an undetermined seizure disorder." (Doc. 253-2, at 1-2). Jelen contends he "was verbally informed by S-USPO Robert Comine of a garnishment of an electronic savings account. To date, [Jelen] nor any other party have been served with or provide with any documentation from any party regard this garnishment." (Doc. 253-2, at 1).

"[W]here notice is sent by regular mail, and not returned to the sender as undeliverable, a presumption arises that the notice has been received and due process requirements are deemed satisfied." *Jean v. Gerardi,* 4:10–CV–1568, 2012 WL 1604872 at *4 (M.D. Pa. May 8, 2012). "[T]he burden is on the party challenging receipt to come forth with evidence that the mail was not sent or that the mail service was deficient." *Jean,* 2012 WL 1604872 at *5. A "[p]laintiff's bare assertion that he never received the mail, unsubstantiated by additional evidence, does not rebut the presumption that the notice was received." *Jean,* 2012 WL 1604872 at *5.

In this case, Jelen has not presented evidence sufficient to rebut the presumption that he received notice of the garnishment proceedings. At the debtor exam hearing, Jelen argued that the writ was not initially served when the United States purportedly attempted service on August 18, 2022, because he was in the hospital and medically debilitated. (Doc. 247). However, Jelen conceded that service was completed when the United States executed service by certified mail. (Doc. 248; Doc. 253-2, at 1). Moreover, as evidenced by Jelen's statements

8

made in the email sent to the Court, Jelen has been properly served the writ of continuing garnishment. Jelen filed his answer and request for a hearing in accordance with the provisions of MVDA and appeared before the Court in a debtor exam hearing, where he had a full opportunity to present his position. Under these circumstances, there is no basis to conclude that Jelen was not properly served the garnishment proceedings.

Accordingly, Jelen's objection based on lack of service is overruled.

C. EXEMPTION

Finally, Jelen asserts that he is entitled to a statutory exemption from garnishment because disability benefits are statutorily exempt from garnishment. In opposition, the United States argues that such funds do not fall under the limited exemptions of property under the MVDA. The United States further argues that even if such funds were initially exempt, they are subject to garnishment because they have already been disbursed and, therefore, are no longer "payable," as required to claim the relevant exemption.

In garnishment proceedings, Jelen bears the burden of establishing that his property is exempt. 28 U.S.C. § 3014(b)(2); *see U.S. v. Value Investments, Inc.,* No. MISC 97–153; 1998 WL 229758 at *3 (E.D. Pa. Apr. 29, 1998). Jelen's main argument is that the funds located in his electronic savings account are exempt from collection. (Doc. 253-2, at 1). Specifically, in his email sent to the Court dated October 14, 2022, Jelen asserted that "the origin of these funds are derived only from disability benefits, including funds from Social Security, a fact

which would nullify the United States' garnishment request . . . ." (Doc. 253-2, at 1).³ At oral argument, the United States refuted Jelen's assertions and posited that Congress provided limited exemptions of property through 18 U.S.C. § 3613(a).

The MVRA instructs the government to enforce criminal restitution orders in the same manner as criminal fines. *See* 26 U.S.C. § 3664(m)(1)(A)(i). And that, in turn, allows for broad enforcement of such orders, incorporating the following statutory language:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. *Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined*, except that—
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a) (emphasis added).

The plain meaning of the MVDA makes clear that criminal restitution orders may be enforced against "*all* property or rights to property." 18 U.S.C. § 3613(a) (emphasis added). The text is unambiguous that absent an express exemption, all a defendant's assets are subject

---

³ At oral argument, the Government asserted that the funds were payment of disability benefits from a MetLife policy held by Jelen, and not payments from Social Security. Jelen then claimed that the funds were a combination of his social security benefits and his MetLife long term disability payments.

to a restitution order. *See* 18 U.S.C. § 3613(a); 26 U.S.C. § 6334(a). "Indeed, addressing the same statutory language in a different context, the Supreme Court has emphasized that the phrase "'all property and rights to property" . . . , is broad and reveals on its face that Congress meant to reach every interest in property.'" *United States v. Frank*, 8 F.4th 320, 327 (4th Cir. 2021) (quoting *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 719–20 (1985) (quoting 26 U.S.C. § 6321)).

Contrary to Jelen's arguments, the MVRA expressly *includes* Social Security Act benefits as property subject to restitution. *See* 18 U.S.C. § 3613(a) (providing that the government can garnish "all property" pursuant to criminal restitution orders, "[n]otwithstanding . . . section 207 of the Social Security Act"). The Supreme Court has acknowledged that the use of a "notwithstanding" clause signals Congressional intent to supersede conflicting provisions of any other statute. *U.S. v. King*, 2012 WL 1080297, at *5 (E.D. Pa. 2012); citing *Cisneros v. Alpine Ridge Group,* 508 U.S. 10, 18, 113 S.Ct. 1898, 123 L.Ed.2d 572 (1993). To the extent Jelen relies on the exemption for wages, salary, and other income, the form states that this exemption does not apply in criminal cases. *See* 18 U.S.C. § 3613(a)(1); *see also United States v. Reuter*, 849 F. App'x 382, 384 n.2 (3d Cir. 2021).

Further, once the funds were deposited into Jelen's bank account, they were no longer "payable" and became "paid" and subject to garnishment. In a recent decision, the United States Court of Appeals for the Fifth Circuit, citing a decision from the District Court for the Eastern District of New York, determined that the relevant statutory language of 26 U.S.C. § 6334(a)(10) is "any amount payable to an individual" and noted that § 6334(a)(10) did not

11

include the phrase "payable to or received by" as other parts of the statute did. The court concluded that the benefits that had been deposited into the bank account were not exempt from garnishment, as they were no longer "payable." *United States v. Charpia*, 2022 WL 1831141, at *3 (5th Cir. 2022); citing *Hughes v. IRS*, 62 F. Supp. 2d 796 (E.D.N.Y. 1999). In this case, the funds, once deposited into Jelen's bank account, were no longer considered "payable" and were therefore subject to garnishment.

For these reasons, Jelen's objection to the writ of garnishment on the basis that the funds are exempt from garnishment is overruled.

IV. **CONCLUSION**

Based on the foregoing, having conducted an individualized assessment of the facts and circumstances presented in this case, Jelen's objections to this writ of continuing garnishment are **OVERRULED**, and Jelen and the garnishee are **ORDERED** to comply with the writ of continuing garnishment issued on August 17, 2022 (Doc. 246) pending further Order of Court.

An appropriate Order follows.

BY THE COURT:

Dated: January 3, 2023

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**

12